IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS H. MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 2:21-cv-366-TFM-B |
| | ) |
| USAA CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Defendant USAA Casualty Insurance Company's Unopposed Motion for Entry of Agreed Order and to Remand* (Doc. 10, filed October 19, 2021). The motion has been fully briefed and is ripe for review. Having considered the motion and relevant law, the Court finds Defendant's motion to remand is due to be **GRANTED** for the reasons articulated below.

**I. PROCEDURAL HISTORY**

Plaintiff Douglas H. Matthews ("Plaintiff" or "Matthews") filed a complaint in Wilcox County, Alabama Circuit Court on July 20, 2021. *See* Doc. 1-2, Exhibit A, Complaint. Plaintiff's lawsuit alleges counts of breach of contract (Count I) and bad faith (Count II) against Defendant USAA Casualty Insurance Company ("Defendant" or "USAA CIC"). Plaintiff alleges Defendant breached the insurance contract and acted in bad faith in connection with a claim Plaintiff submitted under his auto insurance policy. The Complaint does not provide for a specific amount of damages sought, but seeks "compensatory, consequential, special and punitive damages, in an amount to be determined by the jury, plus interest, costs, and other such relief to which the Plaintiff may be entitled, all of which are not to exceed $74,999.99." *Id*. at 8.

On August 19, 2021, USAA CIC filed a Notice of Removal in this Court based on an assertion of diversity jurisdiction. Doc. 1 at ¶ 5. USAA CIC states in his Notice of Removal that the case is properly removable under 28 U.S.C. §1441 and 28 U.S.C. § 81(c)(1) because this is the federal district court for the district and division embracing the Circuit Court of Wilcox County, Alabama. Doc. 1 at ¶ 22. USAA CIC contends that "[t]his Court may exercise diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and USAA CIC and the amount in controversy exceeds $75,000, exclusive of interests and costs." *Id*. at ¶ 5.

On October 19, 2021, USAA CIC timely filed an <u>unopposed</u> motion to remand. *See* Doc. 10. In the motion to remand, Plaintiff asserts the amount in controversy does not and will not exceed the $75,000 jurisdictional threshold. Concurrent with the motion to remand, Plaintiff also filed the *Declaration of S. Allen Martin, Jr.* wherein he declares under penalty of perjury, that if the motion to remand is granted and the Court remands this action to the Circuit Court of Wilcox County, Alabama, "(i) Plaintiff will never request, directly or indirectly through counsel, a damages award or judgment in excess of $75,000.00 in the State Court Action; (ii) Plaintiff will not, under any circumstances, accept a damages award or judgment in excess of $75,000, exclusive of interest and costs—even if a verdict or judgment is returned in [Plaintiff's] favor exceeding that amount; and (iii) Plaintiff agrees to the entry of an order and appropriate jury instruction in the State Court Action limiting any jury verdict or judgment rendered in his favor to an amount which shall not exceed $75,000.00, exclusive of interest and costs; and (iv) if a jury verdict or judgment exceeding $75,000 is returned in [Plaintiff's] favor in the State Court Action, Plaintiff agrees to a remittitur of any such jury verdict or judgment to an amount which shall not exceed $75,000, exclusive of interest and costs." *Id*. at ¶ 6, *Declaration of S. Allen Martin, Jr.*; *See also* Doc. 10-2

at ¶ 4, *Declaration of Douglas H. Matthews*.  The motion is unopposed and no further documents have been filed by the Defendant with regard to federal jurisdiction in this matter.  Therefore, the motion and issue of jurisdiction are ripe for review.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994).  Defendant, as the party removing this action, has the burden of establishing federal jurisdiction.  *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)).  When a plaintiff does not specify the total amount of damages demanded in a state court complaint, then "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard*, 279 F.3d at 972. Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand.  *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III.  DISCUSSION AND ANALYSIS

Since this lawsuit began in state court, this Court's jurisdiction depends on the propriety of removal.  Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the

basis of "a copy of an amended pleading, motion, order or other paper."  The notice of removal must "be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  Here, USAA CIC's notice of removal is timely and based on diversity jurisdiction.

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement.  Here, the amount in controversy is at issue.

"[I]n the removal context, when damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."  *Lowery*, 483 F.3d at 1208-09 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)).  This Unopposed Motion to Remand includes attached declarations from the Plaintiff's counsel and the Plaintiff.  Further, a review of the original complaint states damages "not to exceed $74,999.99" in Count I and Count II.  *See* Doc. 1-2 at 5, 8.  Based upon the declarations and the complaint, Plaintiff clarifies that he neither seeks nor intends to seek damages exceeding $74,999.99 in aggregate total.  *See* Docs. 10, 10-1, 10-2.  In light of Plaintiff's clarification and Defendant's lack of opposition, the Court finds that the Defendant has not met this burden on establishing jurisdiction. Here, Plaintiff's complaint sought an unspecified amount of compensatory damages.  In the declarations, the Plaintiff clarifies and assures that at the time

Plaintiff filed its complaint in state court and on the date of removal, Plaintiff neither sought nor intended to seek damages exceeding $75,000. See Docs. 10-1, 10-2. Plaintiff stipulates that he will not accept awarded damages in an amount exceeding $75,000, exclusive of interest and costs. While normally the Court would need to delve into whether this is an attempt by Plaintiff to modify the complaint as opposed to a clarification, it need not do so here. The motion to remand is filed by the Defendant who makes no further attempts to establish jurisdiction. Therefore, the jurisdictional burden is not met and remand is appropriate.[1]

## IV. Conclusion

Pursuant to the foregoing Memorandum Opinion, the Motion to Remand (Doc. 10) is **GRANTED.** Accordingly, this action is **REMANDED** to the Circuit Court of Wilcox County, Alabama. The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

---

[1] Defendant requests the Court "retain limited jurisdiction to hear any dispute which may arise in the event Plaintiff reneges on his representations and stipulation regarding the amount in controversy. To be clear, the Court's remaining jurisdiction would be limited to collateral matters. "It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S. Ct. 2447, 2455, 110 L. Ed. 2d 359 (1990). Even after an action is dismissed for lack of jurisdiction, the Court may still address collateral matters such as attorney's fees and costs. *See PTA-FLA, Inc. v. ZTE USA, Inc.,* 844 F.3d 1299, 1309 (11th Cir. 2016) ("[E]ven after an action is dismissed for lack of jurisdiction, district courts may still award costs and attorney's fees...") (citing Cooter, 496 U.S. at 395). A district court retains jurisdiction after remand to award costs. *See Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018). While a Rule 11 motion would certainly fall within such collateral matters, the enforcement of Plaintiff's declaration is less clear. Rather it would seem that would be a matter for the state court to resolve on enforcement unless the matter is again removed pursuant to "new paper" on the jurisdictional amount. Even the caselaw cited by the Defendant states "a motion for Rule 11 sanctions involves a collateral proceeding that can be initiated and decided ***after*** the case on which it is based is finally resolved."). *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F. 3d 805, 808-09 n. 5 (11th Cir. 2003) (emphasis added).

**DONE** and **ORDERED** this 20th day of October 2021.

                                                    s/Terry F. Moorer
                                                  TERRY F. MOORER
                                                  UNITED STATES DISTRICT JUDGE